**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TERESA V. VELARDI,** : | |
|    Appellant : | CIVIL ACTION NO. 3:16-0470 |
|    v. : | (JUDGE MANNION) |
| **COUNTRYWIDE BANK, FSB,** *et al.,* : | |
| : | |
|    Appellees : | |

**MEMORANDUM**

On March 17, 2016, the appellant, Teresa V. Velardi, proceeding *pro se*, filed this bankruptcy appeal. (Doc. 1). Ms. Velardi seeks to appeal the February 24, 2016 judgment of the bankruptcy court granting with prejudice the motion to dismiss her adversary complaint filed by appellees Countrywide Bank, FSB, Mortgage Electronic Registration Systems, Inc., Bank of America, N.A. and Phelan Hallinan Diamond & Jones LLP.[1] By way of the instant appeal, Ms. Velardi requests this court to overturn the judgment of the bankruptcy court and allow her adversary complaint seeking to rescind her mortgage loan and obtain relief under the Truth in Lending Act to proceed against appellees.

The appellees have not yet responded to the instant appeal.

---

[1] Ms. Velardi's Chapter 7 bankruptcy case filed pursuant to 11 U.S.C. §707(a) is docketed to case number 5-15-bk-02449 and her adversary complaint is docketed to adversary number 5-15-bk-ap-00126. Both cases are assigned to Bankruptcy Judge Robert Opel. The court notes that an adversary proceeding is a civil action within the bankruptcy case and that it has reviewed the docket in Ms. Velardi's adversary proceeding.

Nonetheless, the court will dismiss the appeal for lack of subject matter jurisdiction since it is untimely under Federal Rule Bankruptcy Procedure 8002. "The federal courts are under an independent obligation to examine their own jurisdiction . . ." United States v. Hays, 515 U.S. 737, 742 (1995). "Without jurisdiction the court cannot proceed at all in any cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). In this case, the court must determine whether Ms. Velardi's appeal was timely filed in order to see if subject matter jurisdiction exists. The court can raise this issue *sua sponte*.

This court has appellate jurisdiction under 28 U.S.C. §158(1)(a) with respect to Ms. Velardi's appeal of the bankruptcy court's judgment. *See* Goldsmith v. Winnecour, 485 B.R. 522, 526 (W.D.Pa. 2013) (The district court has jurisdiction over "appeals from [final] judgments, orders, and decrees" of the Bankruptcy Courts.). The Third Circuit in In re Syntax-Brillian Corp., 610 Fed.Appx. 132, 134 (3d Cir. 2015), stated:

> Appeals from the Bankruptcy Court must be brought "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. §158(c)(2). Rule 8002 gives persons aggrieved by a bankruptcy order fourteen days to file a notice of appeal with the Clerk of the Bankruptcy Court. *See* Fed. R. Bankr.P. 8002(a). This requirement is jurisdictional. *See* In re Caterbone, 640 F.3d 108, 113 (3d Cir. 2011).

The bankruptcy court entered its judgment dismissing Ms. Velardi's adversary complaint as against appellees and its supporting opinion on February 24, 2016. Since Rule 8002(a)(1) provides a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment being appealed, Ms. Velardi had until March 9, 2016 to file her appeal. The

deadline to file a notice of appeal under Rule 8002(a) is "strictly construed." Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997). Ms. Velardi did not file her instant appeal with the clerk of the bankruptcy court until March 17, 2016, and it is untimely by eight days.

As indicated, the Third Circuit in Caterbone, 640 F.3d at 110, 113, specifically held in this precedential opinion that the "requirement for filing a bankruptcy appeal is mandatory and jurisdictional." Thus, this court lacks subject matter jurisdiction over Ms. Velardi's appeal of the bankruptcy court's judgment and her appeal must be dismissed.[2] *See* In re Coppedge, 533 B.R. 885 (D.Del. 2015).

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 1, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0470-01.wpd

---

[2]The court does not address whether Federal Rule Bankruptcy Procedure 8002(d) saves Ms. Velardi's untimely appeal since she cannot request an extension of time to file a notice of appeal with the bankruptcy court after the time period to file an appeal under Rule 8002(a) has expired. *See* in Caterbone, 640 F.3d at 113-14. Nor can Ms. Velardi claim excusable neglect seeking to extend the time to file her notice of appeal since she was required to request such an extension by motion with the bankruptcy court within 21 days after the expiration of her 14-day appeal time, *i.e.*, by March 30, 2016.