**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TERESA V. VELARDI,** : | |
| Appellant : | CIVIL ACTION NO. 3:16-0470 |
| v. : | (JUDGE MANNION) |
| **COUNTRYWIDE BANK, FSB,** *et al.*, : | |
| Appellees : | |
| : | |

## MEMORANDUM

On March 17, 2016, the appellant, Teresa V. Velardi, proceeding *pro se*, filed a bankruptcy appeal. (Doc. 1). Ms. Velardi sought to appeal the February 24, 2016, Judgment of the bankruptcy court granting with prejudice the motion to dismiss her adversary complaint filed by some of the defendants in the proceeding, namely, Countrywide Bank, FSB, Mortgage Electronic Registration Systems, Inc., Bank of America, N.A. and Phelan Hallinan Diamond & Jones LLP (collectively "Countrywide" defendants).[1] In her appeal, Ms. Velardi requested this court to overturn the judgment of the bankruptcy court and allow her adversary complaint seeking to rescind her mortgage loan and obtain relief under the Truth in Lending Act to proceed against Countrywide defendants, who are the appellees herein.

---

[1] Ms. Velardi's Chapter 7 bankruptcy case, filed pursuant to 11 U.S.C. §707(a), is docketed to case number 5-15-bk-02449 and her adversary complaint is docketed to adversary number 5-15-bk-ap-00126. A review of those dockets indicate that other defendants remain in that adversary proceeding, namely, defendants Rushmore Loan Management Services LLC and Wilmington Savings Fund Society, FSB dba Christiana Trust, as Trustee for Pretium Mortgage Acquisition Trust (collectively "Rushmore" defendants).

The appellees had not yet responded to the instant appeal and Ms. Velardi had not yet filed her designation of the items to be included in the record on appeal and her statement of the issues to be present pursuant to Federal Rule Bankruptcy Procedure 8009. Nonetheless, on April 1, 2016, the court *sua sponte* dismissed the appeal for lack of subject matter jurisdiction since it found the appeal to be untimely under Federal Rule Bankruptcy Procedure 8002. (Doc. 3, Doc. 4).*See* United States v. Hays, 515 U.S. 737, 742 (1995); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). The court then closed the case. Also, on April 1, 2016, Ms. Velardi filed a motion for an extension of time to file her appeal documents under Rule 8009. (Doc. 5). On April 7, 2016, Ms. Velardi filed a letter to the court explaining that her appeal should be considered even though it was untimely due to excusable neglect. (Doc. 6).

The court now reconsiders its April 1, 2016 Order and finds that the bankruptcy court's February 24, 2016 Judgment granting with prejudice the motion to dismiss Ms. Velardi's adversary complaint filed by Countrywide defendants but denying without prejudice the motion to dismiss of Rushmore defendants is not a final order for purposes of the instant appeal. As such, the court will vacate its April 1, 2016 Order, (Doc. 4), and it will dismiss, without prejudice, Mr. Velardi's instant appeal as premature.

This court has appellate jurisdiction under 28 U.S.C. §158(1)(a) with respect to an appeal of a final order or judgment of a bankruptcy court. *See* Goldsmith v. Winnecour, 485 B.R. 522, 526 (W.D.Pa. 2013) (The district

court has jurisdiction over "appeals from [final] judgments, orders, and decrees" of the Bankruptcy Courts.). The Third Circuit in In re Syntax-Brillian Corp., 610 Fed.Appx. 132, 134 (3d Cir. 2015), stated:

> Appeals from the Bankruptcy Court must be brought "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. §158(c)(2). Rule 8002 gives persons aggrieved by a bankruptcy order fourteen days to file a notice of appeal with the Clerk of the Bankruptcy Court. *See* Fed. R. Bankr.P. 8002(a). This requirement is jurisdictional. *See* In re Caterbone, 640 F.3d 108, 113 (3d Cir. 2011).

The bankruptcy court entered its judgment dismissing Ms. Velardi's adversary complaint as against Countrywide defendants on February 24, 2016, with prejudice but the remaining allegations to her adversary complaint were allowed to proceed with respect to Rushmore defendants. Thus, not all of the defendants in the adversary case were dismissed. Nor were all of the claims in this proceeding dismissed by the bankruptcy court's February 24, 2016 Judgment.

In Patrick v. Dell Financial Services, 366 B.R. 378, 384 (M.D.Pa. 2007), the court considered the final order issue with respect to an appeal of a bankruptcy court decision in an adversary proceeding and stated:

> "The district courts of the United States shall have jurisdiction to hear appeals ... from final judgments, orders, and decrees [entered by the Bankruptcy Court]." 28 U.S.C. §158(a)(1). Under some circumstances, courts in the Third Circuit apply a broader conception of finality to bankruptcy cases than to other types of civil cases. *See, e.g.,* In re Armstrong World Indus., Inc., 432 F.3d 507, 511 (3d Cir. 2005); In re Owens Corning, 419 F.3d 195, 203 (3d Cir. 2005) [other citations omitted]. Because of the unique characteristics of bankruptcy proceedings, finality is viewed "'in a more pragmatic and less technical sense.'" In re Blatstein, 192 F.3d 88, 94 (3d Cir. 1999) (quoting In re Meyertech

3

Corp., 831 F.2d 410, 414 (3d Cir. 1987)).

Nevertheless, this liberal notion of finality is not without limitation. As our Court of Appeals explained:

> Despite that relaxed view of finality in the bankruptcy setting as a whole, the general antipathy toward piecemeal appeals still prevails in individual adversary actions.... [I]nefficient use of judicial resources is as objectionable in bankruptcy appeals as in other fields....
> ... Thus, in assessing the finality of a bankruptcy court order adjudicating a specific adversary proceeding, we apply the same concepts of appealability as those used in general civil litigation.

In re Natale, 295 F.3d 375, 378–79 (3d Cir. 2002) (quoting In re White Beauty View, Inc., 841 F.2d 524, 526 (3d Cir. 1988)). In this respect, an order in an individual adversary proceeding is not final unless it "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." Bethel v. McAllister Bros., Inc., 81 F.3d 376, 381 (3d Cir. 1996) (internal quotation and citation omitted); *see also* Coram Healthcare, 2007 WL 643325, at *1.

In the present case, the bankruptcy court stated in its February 24, 2016, opinion that it had authority to enter a final judgment since Ms. Velardi's adversary proceeding was a core proceeding and the court then entered its judgment dismissing only the claims against Countrywide defendants with prejudice and ended the litigation on the merits only as to these defendants. However, Ms. Velardi's claims against Rushmore defendants remained in the adversary proceeding. Thus, "the traditional principles of finality govern the assessment of whether the [February 24, 2016] Order is a final order." Patrick, 366 B.R. at 384.

In Morton Intern., Inc. v. A.E. Staley Mfg. Co. 460 F.3d 470, 476 (3d

Cir. 2006), the Third Circuit addressed the traditional principles of finality used in general civil cases and stated:

> Ordinarily the proceedings in a district court must be final as to the all causes of action and parties for a court of appeals to have jurisdiction over an appeal under 28 U.S.C. §1291. Andrews v. United States, 373 U.S. 334, 340, 83 S.Ct. 1236, 1240, 10 L.Ed.2d 383 (1963); Jackson v. Hart, 435 F.2d 1293, 1294 (3d Cir. 1970). The classic definition of a "final decision" is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712, 116 S.Ct. 1712, 1718, 135 L.Ed.2d 1 (1996) (quoting Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). Thus, "an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal under 28 U.S.C. §1291." Carter v. City of Philadelphia, 181 F.3d 339, 343 (3d Cir. 1999).

As mentioned above, when determining the finality of a bankruptcy court order in an adversary proceeding, the Third Circuit "appl[ies] the same concepts of appealability as those used in general civil litigation." In re Natale, 295 F.3d at 379-80; In re White Beauty, 841 F.2d at 526. Applying these principles to the bankruptcy court's February 24, 2016 Judgment, the court now finds that it is not a final order. The judgment did not terminate the adversary case on the merits as to all parties and all claims. In fact, when the court denied the Rushmore defendants' motion to dismiss, it also ordered that these defendants were allowed 30 days from the date of the judgment to file either a dispositive motion or an answer to Ms. Velardi's adversary complaint. Thus, while the bankruptcy court dismissed part of Ms. Velardi's adversary complaint and some of her defendants, further proceedings in the bankruptcy court are required as to the remaining Rushmore defendants.

Accordingly, the bankruptcy court's February 24, 2016, Judgment is not a final order under 28 U.S.C. §158(a)(1) and it is not appealable as of right by either Ms. Velardi or Countrywide defendants.[2] *See* Patrick, 366 B.R. at 385; Natale, 295 F.3d at 379 (Third Circuit held that a bankruptcy court's order that did not completely conclude the adversary proceeding was interlocutory and not directly appealable.).

Thus, the court will vacate its April 1, 2016 Order dismissing Ms. Velardi's appeal for lack of subject matter jurisdiction. (Doc. 4). The court will instead dismiss Ms. Velardi's appeal, (Doc. 1), without prejudice as premature. Ms. Velardi's motion for an extension of time to file her appeal documents under Rule 8009, (Doc. 5), will be dismissed as moot.

An appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 12, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0470-02.wpd

---

[2]The court notes that neither Ms. Velardi nor Countrywide defendants requested a certification from the bankruptcy court under Fed.R.Civ.P. 54(b) with respect to its February 24, 2016 Judgment. *See* Patrick, 366 B.R. at 385. The court also notes that "[i]n addition to final orders and judgments, the [District] Court has jurisdiction to hear appeals of interlocutory orders if it exercises its discretion to grant a party leave to appeal." Id. (citing 28 U.S.C. §158(a)(3)). However, neither party filed a motion for leave to appeal the bankruptcy court's February 24, 2016 interlocutory order.